

1 | VENABLE LLP
2 | DANIEL S. SILVERMAN (SBN 137864)
  | Email: dsilverman@venable.com
3 | 2049 Century Park East, Suite 2100
  | Los Angeles, CA 90067
4 | Telephone: (310) 229-9900
  | Facsimile: (310) 229-9901

5 | CANTOR COLBURN LLP
6 | William J. Cass (*Pro Hac Vice*)
  | Email: wcass@cantorcolburn.com
7 | Keith J. Murphy (*Pro Hac Vice*)
  | Email: kmurphy@cantorcolburn.com
8 | Andrew J. Ryan (*Pro Hac Vice*)
  | Email: ryan@cantorcolburn.com
9 | 20 Church Street, 22nd Floor
  | Hartford, CT 06103
10 | Telephone: (860) 286-2929
   | Facsimile: (860) 286-0115

11 | CANTOR COLBURN LLP
12 | Jefferey B. Arnold (*Pro Hac Vice*)
   | Email: jarnold@cantorcolburn.com
13 | 1180 Peachtree Street, Suite 2050
   | Atlanta, GA 30309
14 | Telephone: (404) 607-9991
   | Facsimile: (404) 607-9981

15 | Attorneys for Defendant and Counterclaimant
16 | REDEFINE NUTRITION, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

THERMOLIFE INTERNATIONAL, LLC,

                    Plaintiff,

        v.

BETTER BODY SPORTS, LLC, et al.

                    Defendants.

CASE NO. CV12-09229 GAF (FFMx)

Hon. Gary A. Feess
Courtroom 740

**DEFENDANT REDEFINE NUTRITION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

Action Filed:   October 26, 2012
Trial Date:     None set

-1-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

FILED
2013 JAN -8 PM 4:00
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:

6329500-v1

REDEFINE NUTRITION, INC.

Counterclaimant

v.

THERMOLIFE INTERNATIONAL, LLC,

Counterdefendant.

Now comes the Defendant and Counterclaimant, Redefine Nutrition, LLC ("Redefine Nutrition"), and for its answer, affirmative defenses and counterclaims, alleges as follows:

## I.  THE PARTIES

1.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

2.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

3.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

4.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

5.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1

6.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

7.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

8.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

9.     Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

10.    Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph ten of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

11.    Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph eleven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

12.    Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph twelve of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

13.    Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

14.    Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fourteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-3-

6329500-v1

15.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

16.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

17.   Admitted in part.  Redefine Nutrition d/b/a Finaflex is a company organized and existing under the laws of Georgia.  Redefine Nutrition has its principal place of business at 1190 Tidwell Road, Suite 304, Alpharetta, Georgia, 30004.

18.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph eighteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

19.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph nineteen of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

20.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph twenty of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

21.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph twenty-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

## II.    JURISDICTION AND VENUE

22.   Admitted in part.  Redefine Nutrition admits the complaint alleges an action for patent infringement under Title 35 of the United States Code.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the

-4-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6329500-v1

1  allegations in paragraph twenty-two of the Plaintiff's Complaint and calls upon

2  Plaintiff to prove the same.

3       23.  Denied.

4       24.  Redefine Nutrition is without information sufficient to form a belief as

5  to the truth of the allegations set forth in paragraph twenty-four of the Plaintiff's

6  Complaint and calls upon Plaintiff to prove the same.

7       25.  Redefine Nutrition is without information sufficient to form a belief as

8  to the truth of the allegations in paragraph twenty-five of the Plaintiff's Complaint

9  and calls upon Plaintiff to prove the same.

10      **III.   THE DEFENDANTS' INFRINGING PRODUCTS**

11  **A.   FACTS COMMON TO ALL INFRINGING PRODUCTS AND EACH**

12  **DEFENDANT**

13      26.  Redefine Nutrition is without information sufficient to form a belief as

14  to the truth of the allegations in paragraph twenty-six of the Plaintiff's Complaint

15  and calls upon Plaintiff to prove the same.

16      27.  Redefine Nutrition is without information sufficient to form a belief as

17  to the truth of the allegations in paragraph twenty-seven of the Plaintiff's

18  Complaint and calls upon Plaintiff to prove the same.

19      28.  Redefine Nutrition is without information sufficient to form a belief as

20  to the truth of the allegations in paragraph twenty-eight of the Plaintiff's Complaint

21  and calls upon Plaintiff to prove the same.

22      29.  Redefine Nutrition is without information sufficient to form a belief as

23  to the truth of the allegations in paragraph twenty-nine of the Plaintiff's Complaint

24  and calls upon Plaintiff to prove the same.

25      30.  Redefine Nutrition is without information sufficient to form a belief as

26  to the truth of the allegations in paragraph thirty of the Plaintiff's Complaint and

27  calls upon Plaintiff to prove the same.

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-5-

31.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

32.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

33.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

34.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

35.  Denied.

36.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

37.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

38.  Denied.

**B.**  **PRODUCT-SPECIFIC DETAILS**

**"D-Aspartic Acid" (Defendant Better Body Sports' Product)**

39.  Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph thirty-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-6-

6329500-v1

40.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Hyper FX" (One of Defendant BSN's Products)**

41.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

42.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

43.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

44.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Evotest" (Defendant BSN's Second Product)**

45.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

46.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

47.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1

48.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"D-Aspartic Acid" (Defendant Allmax's Product)**

49.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph forty-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

50.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

51.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"DAA Pure" (Defendant Peformance Edge's Product)**

52.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

53.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Propadrol" (Defendant EST Nutrition's Product)**

54.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

55.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-8-

6329500-v1

56. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Bullasterone" (Defendant Hi-Tech's Product)**

57. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

58. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

59. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph fifty-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

60. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

61. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Dagger" (Defendant Infinite Labs' Product)**

62. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

63. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-9-

6329500-v1

64.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Intratest Xtreme (Defendant Lecheek's First Product)**

65.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

66.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

67.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Speed X3" (Defendant Lecheek's Second Product)**

68.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

69.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph sixty-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

70.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**Testrodol X9 (Defendant Lecheek's Third Product)**

71.   Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

72. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

73. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"X-Fit Power" (Defendant MHP's Product)**

74. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

75. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

76. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

77. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"NMDA" (Defendant Muscle Warfare's First Product)**

78. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

79. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph seventy-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"MOAB" (Defendant Muscle Warfare's Second Product)**

-11-

6329500-v1

1    80.   Redefine Nutrition is without information sufficient to form a belief as

2    to the truth of the allegations in paragraph eighty of the Plaintiff's Complaint and

3    calls upon Plaintiff to prove the same.

4    81.   Redefine Nutrition is without information sufficient to form a belief as

5    to the truth of the allegations in paragraph eighty-one of the Plaintiff's Complaint

6    and calls upon Plaintiff to prove the same.

7    **"Nuke" (Defendant Muscle Warfare's Third Product)**

8    82.   Redefine Nutrition is without information sufficient to form a belief as

9    to the truth of the allegations in paragraph eighty-two of the Plaintiff's Complaint

10   and calls upon Plaintiff to prove the same.

11   83.   Redefine Nutrition is without information sufficient to form a belief as

12   to the truth of the allegations in paragraph eighty-three of the Plaintiff's Complaint

13   and calls upon Plaintiff to prove the same.

14   **"Napalm" (Defendant Muscle Warfare's Fourth Product)**

15   84.   Redefine Nutrition is without information sufficient to form a belief as

16   to the truth of the allegations in paragraph eighty-four of the Plaintiff's Complaint

17   and calls upon Plaintiff to prove the same.

18   85.   Redefine Nutrition is without information sufficient to form a belief as

19   to the truth of the allegations in paragraph eighty-five of the Plaintiff's Complaint

20   and calls upon Plaintiff to prove the same.

21   **"T-Up" (Defendant Nutrex's Product)**

22   86.   Redefine Nutrition is without information sufficient to form a belief as

23   to the truth of the allegations in paragraph eighty-six of the Plaintiff's Complaint

24   and calls upon Plaintiff to prove the same.

25   87.   Redefine Nutrition is without information sufficient to form a belief as

26   to the truth of the allegations in paragraph eighty-seven of the Plaintiff's

27   Complaint and calls upon Plaintiff to prove the same.

28

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1    88.   Redefine Nutrition is without information sufficient to form a belief as

2    to the truth of the allegations in paragraph eighty-eight of the Plaintiff's Complaint

3    and calls upon Plaintiff to prove the same.

4    89.   Redefine Nutrition is without information sufficient to form a belief as

5    to the truth of the allegations in paragraph eighty-nine of the Plaintiff's Complaint

6    and calls upon Plaintiff to prove the same.

7    **"Anabolic Freak" (Defendant Pharm Freak Product)**

8    90.   Redefine Nutrition is without information sufficient to form a belief as

9    to the truth of the allegations in paragraph ninety of the Plaintiff's Complaint and

10   calls upon Plaintiff to prove the same.

11   91.   Redefine Nutrition is without information sufficient to form a belief as

12   to the truth of the allegations in paragraph ninety-one of the Plaintiff's Complaint

13   and calls upon Plaintiff to prove the same.

14   **"D-pol" (Defendant Purus' Product)**

15   92.   Redefine Nutrition is without information sufficient to form a belief as

16   to the truth of the allegations in paragraph ninety-two of the Plaintiff's Complaint

17   and calls upon Plaintiff to prove the same.

18   93.   Redefine Nutrition is without information sufficient to form a belief as

19   to the truth of the allegations in paragraph ninety-three of the Plaintiff's Complaint

20   and calls upon Plaintiff to prove the same.

21   94.   Redefine Nutrition is without information sufficient to form a belief as

22   to the truth of the allegations in paragraph ninety-four of the Plaintiff's Complaint

23   and calls upon Plaintiff to prove the same.

24   95.   Redefine Nutrition is without information sufficient to form a belief as

25   to the truth of the allegations in paragraph ninety-five of the Plaintiff's Complaint

26   and calls upon Plaintiff to prove the same.

27   **"Warrior" (Defendant Reaction's Product)**

28

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-13-

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1

96. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph ninety-six of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

97. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph ninety-seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

98. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph ninety-eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Vitality DM" (Defendant Reaction's Other Product)**

99. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph ninety-nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

100. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one hundred of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

101. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one hundred and one of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Pure Test" (Defendant Finaflex's Product)**

102. Admitted.

103. Redefine Nutrition admits in part that Defendant Lone Star is a distributor of Defendant Redefine Nutrition d/b/a Finaflex's products. Redefine Nutrition is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph one hundred and three of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-14-

104. Redefine Nutrition admits in part that Defendant All Star is a retailer and distributor of Defendant Redefine Nutrition d/b/a Finaflex's products. Redefine Nutrition is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph one hundred and four of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

105. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one hundred and five of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Revolution PCT" (Defendant Finaflex's Second Product)**

106. Admitted.

107. Redefine Nutrition admits in part that Defendant Lone Star is a distributor of Defendant Redefine Nutrition d/b/a Finaflex's products. Redefine Nutrition is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph one hundred and seven of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

108. Redefine Nutrition admits in part that Defendant All Star is a retailer and distributor of Defendant Redefine Nutrition d/b/a Finaflex's products. Redefine Nutrition is without information sufficient to form a belief as to the truth of the remaining allegations in paragraph one hundred and eight of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

109. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one hundred and nine of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

**"Ignite 2" (Defendant Finaflex's Third Product)**

110. Admitted.

111. Redefine Nutrition admits in part that Defendant Lone Star is a distributor of Defendant Redefine Nutrition d/b/a Finaflex's products. Redefine

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-15-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  Nutrition is without information sufficient to form a belief as to the truth of the

2  remaining allegations in paragraph one hundred and eleven of the Plaintiff's

3  Complaint and calls upon Plaintiff to prove the same.

4  112. Redefine Nutrition admits in part that Defendant All Star is a retailer

5  and distributor of Defendant Redefine Nutrition d/b/a Finaflex's products.

6  Redefine Nutrition is without information sufficient to form a belief as to the truth

7  of the remaining allegations in paragraph one hundred and twelve of the Plaintiff's

8  Complaint and calls upon Plaintiff to prove the same.

9  113. Redefine Nutrition is without information sufficient to form a belief as

10  to the truth of the allegations in paragraph one hundred and thirteen of the

11  Plaintiff's Complaint and calls upon Plaintiff to prove the same.

12  **"V30+" (Defendant SNI's Product)**

13  114. Redefine Nutrition is without information sufficient to form a belief as

14  to the truth of the allegations in paragraph one hundred and fourteen of the

15  Plaintiff's Complaint and calls upon Plaintiff to prove the same.

16  115. Redefine Nutrition is without information sufficient to form a belief as

17  to the truth of the allegations in paragraph one hundred and fifteen of the Plaintiff's

18  Complaint and calls upon Plaintiff to prove the same.

19  **"D-Aspartic Acid" (Defendant Ethitech's Product)**

20  116. Redefine Nutrition is without information sufficient to form a belief as

21  to the truth of the allegations in paragraph one hundred and sixteen of the

22  Plaintiff's Complaint and calls upon Plaintiff to prove the same.

23  117. Redefine Nutrition is without information sufficient to form a belief as

24  to the truth of the allegations in paragraph one hundred and seventeen of the

25  Plaintiff's Complaint and calls upon Plaintiff to prove the same.

26  ## IV. THE DEFENDANTS' INFRINGEMENTS

27  118. Denied.

28

-16-

## A. DIRECT INFRINGEMENTS

119. Denied.

120. Denied.

121. Denied.

## B. INDIRECT INFRINGEMENTS

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Redefine Nutrition admits that Plaintiff sent communications to Redefine Nutrition between June 2012 and October 2012 to notify them of the patent and their alleged infringements. Redefine Nutrition is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph one hundred and thirty-one of the Plaintiff's Complaint, and calls upon Plaintiff to prove the same.

132. Redefine Nutrition is without information sufficient to form a belief as to the truth of the allegations in paragraph one hundred and thirty-two of the Plaintiff's Complaint and calls upon Plaintiff to prove the same.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6329500-v1

1   137. Denied.

2   138. Denied.

3   139. Denied.

4   ### V.   **FIRST CAUSE OF ACTION**

5   **Infringement of U.S. Patent NO, 8,202,908**

6   140. Redefine Nutrition repeats and re-alleges its responses to the allegations

7   of the foregoing paragraphs of this Complaint as if fully set forth herein.

8   141. Denied.

9   142. Denied.

10   143. Denied.

11   144. Denied.

12   145. Denied.

13   146. Denied.

14   147. Denied.

15   148. Denied.

16   149. Denied.

17   150. Denied.

18   151. Denied.

19   152. Denied.

20   153. Denied.

21   154. Denied.

22   155. Denied.

23   156. Denied.

24   157. Denied.

25   158. Denied.

26   159. Denied.

27   **AFFIRMATIVE DEFENSES**

28   -18-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6329500-v1

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Redefine Nutrition has not engaged in any acts that would constitute infringement of any valid and enforceable patent in suit.

**THIRD AFFIRMATIVE DEFENSE**

The patent-in-suit is invalid for failure to comply with the statutory provisions for patentability and validity set forth Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and 256, for the following reasons:

a. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, more than one year prior to the date of the application for a patent in the United States.

b. The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

c. The alleged invention was described in a patent granted on an application for a patent by another filed in the United States before the invention thereof by the alleged patentees, or on an international application by another which complied with the requisite statutes.

d. The patentees did not themselves invent the subject matter sought to be patented.

e. Before the alleged invention by the patentees the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-19-

1    f.  The alleged invention was obvious at the time of the invention to a

2    person having ordinary skill in the art.

3    g.  The specifications of the patent does not comply with the

4    requirements set forth in 35 U.S.C. §112, including but not limited to the best

5    mode requirement and enablement requirement.

6    h.  The patent does not particularly point out and distinctly claim the

7    invention.

8    i.  One or more of the correct inventors were not named on the asserted

9    patent.

10   j.  The inventor committed inequitable conduct before the United States

11   Patent and Trademark Office during the prosecution of the '908 patent, as specified

12   in greater detail below.

### FOURTH AFFIRMATIVE DEFENSE

13

14   Plaintiff is estopped from asserting a scope for the claims of the asserted

15   patent-in-suit that would cover any product made, used, sold and/or offered for sale

16   by Redefine Nutrition by representations, arguments, and/or amendments made

17   during prosecution of the asserted patent before the PTO.

### FIFTH AFFIRMATIVE DEFENSE

18

19   Plaintiff is not entitled to any relief or recovery by reason of its coming into

20   this Court with unclean hands in seeking to enforce patent that Plaintiff knew on

21   information and belief to be invalid, unenforceable, and/or not infringed.

### SIXTH AFFIRMATIVE DEFENSE

22

23   Plaintiff is not entitled to any equitable relief or recovery because it has a

24   full, complete and adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

25

26   Plaintiff is not entitled to any equitable relief or recovery because it has

27   unclean hands.

28

-20-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6329500-v1

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Redefine Nutrition's Counterclaims against Plaintiff are as follows:

## THE PARTIES

1.     The co-Defendant/Plaintiff-in-Counterclaim, Redefine Nutrition, LLC d/b/a Finaflex, is a company organized and existing under the laws of Georgia with a principal place of business at 2955 Fantasy Lane in Decatur, Georgia, 30033-5818.

2.     The Plaintiff/Defendant-in-Counterclaim allegedly is a limited liability company organized and existing under the laws of Arizona, with a place of business at 1811 Ocean Front Walk in Venice, California, 90291.

3.     Defendant Better Body Sports, LLC is a named Defendant in this litigation.

4.     Defendant Bio-Engineered Supplements and Nutrition, Inc. is a named Defendant in this litigation.

5.     Defendant Allmax Nutrition Inc. is a named Defendant in this litigation.

6.     Defendant Bronson Laboratories, Inc. d/b/a Performance Edge is a named Defendant in this litigation.

7.     Defendant Engineered Sports Technology, LLC d/b/a EST Nutrition is a named Defendant in this litigation.

8.     Defendant Hi-Tech Pharmaceuticals, Inc. d/b/a Hi-Tech is a named Defendant in this litigation.

9.     Defendant Infinite Labs, LLC is a named Defendant in this litigation.

10.     Defendant Lecheek, LLC is a named Defendant in this litigation.

11.     Defendant Purus Labs, Inc. is a named Defendant in this litigation.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-21-

12. Defendant Muscle Warfare, Inc. is a named Defendant in this litigation.

13. Defendant Nutrex Research, Inc. is a named Defendant in this litigation.

14. Defendant PharmaFreak Holdings, Inc. is a named Defendant in this litigation.

15. Defendant Lone Star Distribution is a named Defendant in this litigation.

16. Defendant All Star Health is a named Defendant in this litigation.

17. Reaction Nutrition, LLC is a named Defendant in this litigation.

18. Defendant SNI, LLC is a named Defendant in this litigation.

19. Defendant Tiger Fitness, Inc. d/b/a Ethitech is a named Defendant in this litigation.

20. Maximum Human Performance, LLC is a named Defendant in this litigation.

## JURISDICTION AND VENUE

21. This counterclaim is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, et seq.  The Complaint in this action alleges that Redefine Nutrition has infringed the patent-in-suit and gives rise to an actual case or controversy under 28 U.S.C. §§ 2201 and 2202.

22. This counterclaim arises under the patent laws of the United States, 35 U.S.C. § 1, et seq.

23. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338, 2201, and 2202.

24. This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1338, 2201, and 2202.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-22-

6329500-v1

25.     Venue for this Counterclaim in this District is proper under 28 U.S.C. §§ 1391 as this Counterclaim arises from the Complaint.  Redefine Nutrition reserves the right to contest venue of the underlying action.

26.     Redefine Nutrition is entitled to declaratory relief because, although Redefine Nutrition has not infringed and is not infringing the patent-in-suit, Redefine Nutrition will use accused apparatus and methods as claimed in the patent-in-suit after the patent-in-suit are declared not infringed, invalid, and/or unenforceable.

**FACTUAL BACKGROUND**

27.     On or about June 29, 2012, the United States Patent and Trademark Office issued U.S. Patent No. 8,202,908 ("the '908 patent")  entitled "D-Aspartic Acid Supplement," indicating the inventor as Patrick Arnold and being assigned to Thermolife International, LLC.  The Plaintiff asserts the named Defendants allegedly committed the tort of patent infringement within the State of California, and allegedly infringed the '908 patent by either shipping, selling, distributing, offering for sale, advertising, or continued to ship, distribute, offer for sale and advertise the accused products listed in Plaintiff's Complaint in this judicial district.

**COUNT I**

**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT)**

28.     Redefine Nutrition repeats and realleges Paragraphs 1 through 27 above, as though fully set forth herein.

29.     Redefine Nutrition has not directly infringed and do not directly infringe any or all of the claims of the patent in suit under 35 U.S.C. § 271 (a).

30.     Redefine Nutrition has not actively induced and does not actively induce infringement of any or all of claims of the patent in suit under 35 U.S.C. § 271 (b).

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-23-

6329500-v1

31.     Redefine Nutrition has not contributed to and does not contribute to infringement of any or all of the claims of the patent in suit under 35 U.S.C. § 271 (c).

32.     Redefine Nutrition is therefore entitled to a declaratory judgment that Redefine Nutrition does not directly or indirectly infringe any or all of the claims of the patent-in-suit and to such further injunctive relief as may be just and proper.

## COUNT II

## (DECLARATORY JUDGMENT OF PATENT INVALDITY)

33.     Redefine Nutrition incorporates the allegations set forth in paragraphs 1 through 32 above by reference as if fully set forth herein.

34.     The patent-in-suit are invalid for failure to comply with the statutory provisions for patentability and validity set forth Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 101, 102, 103, 112, 115, 116 and 256, for the following reasons:

a.  The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, more than one year prior to the date of the application for a patent in the United States.

b.  The alleged invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States.

c.  The alleged invention was described in a patent granted on an application for a patent by another filed in the United States before the invention thereof by the alleged patentees, or on an international application by another which complied with the requisite statutes.

d.  The patentees did not themselves invent the subject matter sought to be patented.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-24-

e. Before the alleged invention by the patentees the alleged invention was made in this country by another who had not abandoned, suppressed or concealed it.

f. The alleged invention was obvious at the time of the invention to a person having ordinary skill in the art.

g. The specifications of the patent does not comply with the requirements set forth in 35 U.S.C. §112, including but not limited to the best mode requirement and enablement requirement.

h. The patent does not particularly point out and distinctly claim the invention.

i. One or more of the correct inventors were not named on the asserted patent.

35.   Redefine Nutrition is therefore entitled to a declaratory judgment that some or all of the claims of the patent-in-suit are invalid and to such further relief as may be just and proper.

## COUNT III
## (INEQUITABLE CONDUCT)

36.   Redefine Nutrition incorporates the allegations set forth in paragraphs 1 through 35 above by reference as if fully set forth herein.

37.   D-aspartic acid is an enantiomer of aspartic acid and is known as dextrorotary aspartic acid or by the abbreviations (+)-aspartic acid, (d)-aspartic acid, or D-aspartic acid.

38.   On or about March 28, 2008, Patrick Arnold submitted a provisional patent application to the United States Patent and Trademark Office (hereinafter the "Patent Office") for a D-Aspartic acid supplement.  The application was assigned application no. 61/072,254.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-25-

6329500-v1

40.     On or about March 27, 2009, Patrick Arnold filed a formal patent application, application no. 12/383,682, which claimed priority to provisional patent application no. 61/072,254.

41.     The asserted '908 patent issued from the formal patent application filed on March 27, 2009, application no. 12/383,682.

42.     The asserted '908 patent lists Patrick Arnold as the sole inventor.

43.     On or about March 29, 2009, the inventor, Patrick Arnold, executed a *Declaration and Power of Attorney*, in which he acknowledged, *inter alia*, "the duty to disclose information which is material to patentability as defined in 37 C.F.R. § 1.56." The declaration was filed with the Patent Office.

44.     In his patent application, no. 12/383682, Mr. Arnold represented to the Patent Office, *inter alia*, that:

> No studies have examined the effects of D-aspartic acid or N-methyl-D-aspartate on male humans. It is well known that different species of mammals often have different responses to hormones. Therefore, it is unknown whether, and to what degree, the administration of D-aspartic acid compounds in different ways and at different levels to male humans causes an increase in levels of testosterone, growth hormone, and insulin-like growth factor 1.
>
> Accordingly, there is a demand for a method of improving the physical condition of adult male humans of all ages by increasing their levels of testosterone, growth hormone, and insulin-like growth factor 1 without the administration of hormones or prohormones.

45.     In his patent application, no. 12/383682, Mr. Arnold represented to the Patent Office, *inter alia*, that:

> One general object of this invention is to provide an improved method of enhancing the physical condition of adult male humans of all ages by increasing their levels of testosterone, growth hormone, and/or insulin-like growth factor 1 without the administration of hormones.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-26-

I have invented a method of improving the physical condition of an adult male human. The method comprises administering an effective amount of a D-aspartic acid compound to an adult male human.

The method of this invention improves the physical condition of adult male humans of all ages by increasing their levels of testosterone, growth hormone, and/or insulin-like growth factor 1 without the administration of hormones. The method comprises the administration of D-aspartic acid and/or its biological equivalent derivate compounds. D-aspartic acid is a chemical that is present in the human body and is generally recognized as safe.

46.     In his patent application, no. 12/383682, Mr. Arnold represented to the Patent Office, *inter alia*, that:

1. The Invention In General
The method of the invention comprises the administration of an effective amount of a D-aspartic acid compound to adult human males. It has been surprisingly found that the administration causes an increase in the levels of testosterone, growth hormone, and insulin-like growth factor 1. Increases in these hormones cause, in turn, an improvement in the physical condition of the males.

2. The D-Aspartic Acid Compound
Suitable D-aspartic acid compounds include D-aspartic acid, D-aspartate salts, D-aspartate esters, and other functionally equivalent derivatives such as N-methyl-D-aspartic acid. The D-aspartic acid compound is suitable in its enantiomeric form or as the racemic mixture. The preferred compound is DL-aspartic acid because of its ready availability and low cost.

3. Administration
The D-aspartic acid compound is administered in any known way that results in the compound entering the bloodstream. For example, the compound is orally ingested, injected directly into the bloodstream, administered via patches, and the like. The preferred method of administration is by oral ingestion. D-aspartic acid is well tolerated and is effectively taken into the bloodstream through the digestive tract.

The D-aspartic acid compound is conveniently ingested as a powder or is dissolved in a suitable liquid. For example, D-aspartic acid has substantial solubility in water and is well suited for addition to conventional aqueous

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-27-

beverages. The D-aspartic acid may have synergistic results with other common nutritional supplements, such as androst-4-ene-3,6,17-trione, marketed as 6-OXO supplement by Proviant Technologies, Inc. of Champaign, Ill.

4. Effective Amount

The D-aspartic acid compound is administered in an amount that is effective to increase the levels of testosterone, growth hormone, and/or insulin-like growth factor 1 in the recipient. In general, the D-aspartic acid compound is administered in an amount of about 1 to 100 grams per day, preferably about 1 to 20 grams per day, and most preferably about 5 to 10 grams per day, computed on the basis of equivalent molar amount of D-aspartic acid. In other words, if the DL-aspartic acid racemic modification is used, the amounts are doubled. If a derivative is used having a molecular weight ten percent greater than that of D-aspartic acid, the amounts are increased by ten percent to provide the same equivalent molar amount.

5. Benefits

The administration of an effective amount of a D-aspartic acid compound has many beneficial effects on adult male humans. The administration causes an increase in the levels of testosterone, growth hormone, and/or insulin-like growth factor 1 in the recipient, regardless of age. The increases in these hormones, in turn, are believed to cause a large number of improvements in physical condition, including an increase in muscle mass, an increase in strength, a decrease in fat, and a reduction in various aging characteristics. Increases in these hormones are also believed to cause an improvement in sexual performance.

47.     The pending patent claims in the application, no. 12/383,682, were originally stated as follows:

> 1.     A method of improving the physical condition of an adult male human, the method comprising administering an effective amount of a D-aspartic acid compound to an adult male human.
> 2.     The method of claim 1 wherein the D-aspartic acid compound is administered by oral ingestion.
> 3.     The method of claim 2 wherein the D-aspartic acid compound is administered in an amount of about 1 to 20 grams of D-aspartic acid equivalent.
> 4.     The method of claim 3 wherein the D-aspartic acid compound is administered as a racemic mixture.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-28-

5.    The method of claim 1 wherein the D-aspartic acid compound comprises D-aspartic acid.

6.    The method of claim 1 wherein the D-aspartic acid compound comprises N-methyl-D-aspartic acid.

7.    The method of claim 1 wherein the D-aspartic acid compound comprises a salt or an ester of D-aspartic acid.

8.    A method of improving the physical condition of an adult male human increasing his levels of testosterone, growth hormone, and/or insulin-like growth factor 1, the method comprising administering an affective amount of a D-aspartic acid compound to an adult male human.

48.    On or about June 7, 2011, the Patent Office issued an Office Action Summary, and rejected the pending claims.  The examiner noted claims 1 – 8 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Estienne *et al.*, U.S. Patent No. 5,691,377.  The examiner rejected claims 1 – 8 under 35 U.S.C. § 103(a) as being unpatentable over Simone, U.S. Patent No. 5,397,786, in view of Pantaleone *et al.*, U.S. Patent No. 5,834,259, and further view of  Estienne *et al.*, U.S. Patent No. 5,691,377 .  The examiner rejected Claims 1-5, 7 and 8 under 35 U.S. C. 103(a) as being unpatentable over Estienne *et al.* (U.S. 5,691,377) in view of Pantaleone *et al.* (U.S. 5,834,259).   The examiner also rejected claim 1 – 8 under 35 U.S. C. 103(a) as being unpatentable over D'Aniello (Applicant cited IDS:  Brain Research Reviews, 2007, 53, 215 – 234).

49.    On or about December 7, 2011, the inventor, through his counsel, filed a Response to Office Action Dated June 7, 2011.  In the response, the inventor, through his counsel, represented that there was no teaching or suggestion from the prior art cited to increase testosterone levels in human males with the administration of D-aspartic acid.  In particular, the inventor, stated, inter alia:

> D'Aniello describes the effect of intraveneous administration of D-aspartatic acid in rats.  This results in increase in LH and testosterone in rats.  However, the Examiner makes two false assumptions here: 1) That intra-peritoneal administration should have the same effect as oral administration; and 2) That if something is effective on rats it should have the same effect on humans.

-29-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6329500-v1

For the first false assumption, a lot of drugs have no effect when administered orally due to low absorption/bioavailability, extensive metabolism, destruction in stomach acidic, p.h., inability to reach target tissues, inability to reach high enough blood concentrations, etc. Therefore, they exist only in injectionable forms.  Examples include Heparin, Adrenaline (an aminoacid metabolite), benzylpenicilline, etc.  Thousands of examples can be found.  The use of a compound parenterally does in no way make obvious its use for the same purpose orally nor does it make obvious the dosing scheme and regime to achieve results.

For the second false assumption, if we were to assume that rat studies had the same effect on humans, no human clinical trials would exist.  Many, many drugs and supplements despite showing promising results in rats show disappointment or even opposite results in humans.  . .

Thus, in no way does the effect of the compound on rats render obvious its therapeutic use in humans . . .

50.   On or about December 7, 2011, the inventor, through his counsel, filed a Response to Office Action Dated June 7, 2011.  In the response, the inventor, through his counsel, represented:

The applicant, prior to applying for the patent, conducted research to prove D-aspartic acid does indeed increase testosterone levels in humans and established a dosing regime.  This by itself is true research and the patent office should endorse it as it promotes invention. . .

The applicants findings are further confirmed by the following study, which further proved the applicant did indeed spend time and money to research the compound before applying [citing *The Role and Molecular mechanism of D-aspartic Acid in the Release and Synthesis of L.H. and Testosterone in Humans and Rats*, Enza Topo et al, Reproductive Biology Endocrinology, 2009; 7:120.]

51.   On or about December 22, 2011, the inventor, through his counsel, filed a Supplemental Response to Office Action Dated June 7, 2011.  In the response, the inventor, through his counsel, represented:

In addition to what was already submitted in the Response filed December 7, 2011 (hereby incorporated by reference), Applicant notes the following.

D'Aniello describes the effect of intravenous administration of D-aspartic acid in rats.  This results in increase in L.H and testosterone in rats.  However, the Examiner makes two false assumptions here:  1) That intra-peritoneal administration should have the same effect as oral administration; and 2) That if something is effective on rats it should have the same effect on humans. . .

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-30-

6329500-v1

In addition as we previously stated, the researchers of the foregoing study themselves exclaimed at the beginning of the study in the background section that (emphasis added) [citing *The Role and Molecular mechanism of D-aspartic Acid in the Release and Synthesis of L.H. and Testosterone in Humans and Rats*, Enza Topo et al, Reproductive Biology Endocrinology, 2009; 7:120]:

"Although numerous studies have been conducted on this matter, <u>no investigations have been until now on the effects of D-Asp on the secretion of LH and testosterone in humans</u>, and neither has the molecular mechanism by which D-Asp triggers it action in the synthesis and release of hormones investigated"

By their very own words the effects of DAA at the time of the study (almost two years after the priority date of the present patent application) on LH and testosterone secretion in HUMANS remained unknown.

52.   On or about January 12, 2012, the Patent Office issued a final rejection in an Office Action mailed on January 17, 2012. The examiner noted claims 1 – 5, 7, 8 were rejected under 35 U.S.C. § 103(a) as being unpatentable over Estienne *et al.*, U.S. Patent No. 5,691,377, in view of Pantaleone *et al.*, U.S. Patent No. 5,834,259.

The examiner rejected claims 1 – 5, 7, 8 under 35 U.S.C. § 103(a) as being unpatentable over Simone, U.S. Patent No. 5,397,786, in view of Pantaleone *et al.*, U.S. Patent No. 5,834,259.  The examiner also rejected claim 1 – 5, 7, 8 under 35 U.S. C. 103(a) as being unpatentable over D'Aniello (Applicant cited IDS:  Brain Research Reviews, 2007, 53, 215 – 234).

53.   On or about April 17, 2012, the inventor, through his counsel, filed an Amendment After Final Rejection, wherein he amended claim 1 and 3, and cancelled claims 2, and 5 – 8.  Claim 1 was amended, *inter alia*, to include the Markush group "selected from the group consisting of D-aspartic acid, D-Aspartate salts, and D-aspartate esters" purportedly to distinguish the prior art.

54.   On or about April 17, 2012, the inventor, through his counsel, made the following statements, *inter alia*, to the Patent Office:

This study/article is not prior art.  Therefore, because it is peer reviewed, scrutinized, etc. this article is strong evidence that the present invention is not obvious, [citing *The Role and Molecular mechanism of D-aspartic Acid*

-31-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

6329500-v1

*in the Release and Synthesis of L.H. and Testosterone in Humans and Rats*, Enza Topo et al, Reproductive Biology Endocrinology, 2009; 7:120] . . .

Thus, by their very own words the effects of DAA at the time of the study (almost two years after the priority date of the patent application) on LH and testosterone secretion on HUMANS remained unknown. . .

The examiner argues because NMDA is an analog compound of D-aspartic Acid a person of ordinary skill in the art would be motivated use [sic] for the same purposes. The examiner further argues (without evidence whatsoever placed on the record) that they are the "same compound", and that NMDA (even though not taught in Estiene) would increase levels of testosterone, growth hormone, and/or insulin-like growth factor 1 as Applicant claimed for D-Aspartic acid in Claim 8. . .

Claim 1 has been amended. Among other things, claim 1 includes the Markush group " a D-aspartic acid, D-Aspartate salts, and D-aspartate esters" . . .

Moreover the presumption of obvious based on a reference disclosing structurally similar compounds may be overcome where there is a showing there is no reasonable expectation of similar properties in structurally similar compounds . . . [emphasis in the original]

As evidence that there is no reasonable expectation of similar properties in DAA as compared to NMDA . . .

55.     On or about May 10, 2012, the Patent Office issued Notice of Allowance. In the Notice, the examiner stated several "Reasons for Allowance," including, inter alia:

Applicant's arguments have been fully considered and found persuasive . . .

The closest prior art are Estienne (U.S. 5,591,377), Simone (US 5,397,786) and D'Aniello (Applicant cited IDS: Brain Research Reviews, 2007, 53, 215-234) . . .

The prior art D'Aniello (Brain Research Reviews, 2007) does not describe oral administration of D-Asp or do not teach administration of D-Asp to humans. The effect of D-Asp at the time of the instant application was filed on LH and testosterone secretion on humans remained unknown.

56.     At all times relevant thereto, the arguments made to the Patent Office during the prosecution of the '908 patent to overcome the various prior art rejections were made to convince the Patent Office that the effect of D-aspartic at the time of the patent application was filed on LH and testosterone secretion on humans remained unknown.

-32-

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

6329500-v1

1    57.    At all times relevant hereto, the inventor, Patrick Arnold, frequently

2    commented on the internet concerning the topics of fitness and supplements,

3    including methods of increasing testosterone.

4    58.    On or about October 10, 1996, in an on-line discussion concerning the

5    "Best Way to Legally Increase Testosterone?", the inventor Patrick Arnold

6    disclosed "D-aspartic acid (or N-methyl-D-aspartate."  This statement was publicly

7    posted in a forum specifically addressing "good, safe and legal methods of

8    increasing testosterone" in human males.

9    59.    At all times relevant hereto, the arguments made to the Patent Office

10   during the prosecution of the '908 patent to convince the Patent Office that the

11   effect of D-aspartic at the time of the patent application was filed on LH and

12   testosterone secretion on humans remained unknown were false and deceptive.

13   60.    At all times relevant hereto, the statements made to the Patent Office

14   in the application(s) that matured into '908 patent that the effect of D-aspartic at

15   the time of the patent application was filed on LH and testosterone secretion on

16   humans remained unknown were false and deceptive.

17   61.    At all times relevant hereto, during the prosecution of the '908 patent,

18   the inventor, Patrick Arnold, withheld information material to the patentability

19   concerning the subject matter of the '908 patent, including but not limited to,

20   whether the effect of D-aspartic at the time of the patent application was filed on

21   LH and testosterone secretion on humans remained unknown.

22   62.    The inventor, Patrick Arnold, publically disclosed in a printed media

23   on October 10, 1996, that D-aspartic acid and N-methyl-D-aspartate increases

24   testosterone, such statement was material to patentability, and Mr. Arnold failed to

25   report this public disclosure to the Patent Office, which was his duty under 37

26   C.F.R. § 1.56.

27

28

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-33-

6329500-v1

63.   At all times relevant hereto, the above recited acts constituted fraud and/or inequitable conduct in the proceedings before the Patent Office during the prosecution of the '908 patent.

64.   Redefine Nutrition is therefore entitled to judgment that the '908 patent is unenforceable, a declaration that this case is exceptional in favor of Redefine Nutrition under 35 U.S.C. § 285 and that Redefine Nutrition be awarded its reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Redefine Nutrition prays for the following relief:

A. That Judgment be entered in favor of Redefine Nutrition and against Plaintiff on each and every count of the Complaint and on each and every count of its Counterclaim;

B. That Judgment be entered declaring that neither Redefine Nutrition nor the Redefine Nutrition's products have not infringed the '908 patent;

C. That Judgment be entered declaring that Plaintiff is equitably estopped from alleging infringement of the '908 patent;

D. That Judgment be entered declaring that Plaintiff is precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by Redefine Nutrition and/or the Redefine Nutrition's products;

E. That Judgment be entered declaring the claims of the '908 patent invalid;

F. That Judgment be entered permanently enjoining and restraining Plaintiff, its officers, agents, servants, employees and attorneys, and all others acting for, on behalf of, or in active concert or participation with any of them, from stating, implying, or suggesting that infringes the patent-in-suit;

V E N A B L E   L L P
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-34-

1    G. That Judgment be entered declaring that this case is exceptional in favor

2 of Redefine Nutrition under 35 U.S.C. § 285 and that Redefine Nutrition be

3 awarded its reasonable attorneys' fees and expenses;

4    H. That Redefine Nutrition be awarded its costs in this action; and

5    I.  That Redefine Nutrition be awarded such other and further relief as the

6 Court may deem just and proper.

7 ///

8 ///

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-35-

6329500-v1

## **DEMAND FOR JURY TRIAL**

Redefine Nutrition demands a trial by jury of all issues so triable in this action.

Dated:  January 3, 2013

VENABLE LLP

By: _____
       Daniel S. Silverman

And

Dated:  January 3, 2013

CANTOR COLBURN LLP

By: _____
       William J. Cass

Attorneys for Defendant and Counterclaimant
REDEFINE NUTRITION, LLC

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA  90067
310-229-9900

-36-

**PROOF OF SERVICE**

STATE OF CALIFORNIA   )
                      )  ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action;  my business address is Venable LLP, 2049 Century Park East, Suite 2100, Los Angeles, California.

On **January 8, 2013**, I served a copy ☑ / original ☐ of the foregoing document(s) described as **DEFENDANT REDEFINE NUTRITION LLC'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND DEMAND FOR JURY TRIAL** on the interested parties in this action addressed as follows

SEE ATTACHED MAILING LIST

☑      By placing true copies thereof enclosed in a sealed envelope(s) addressed as stated above.

☑      **BY MAIL (FRCP 5(b)(1)(C)):**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the U.S. Postal Service.  Under that practice such envelope(s) is deposited with the U.S. postal service on the same day this declaration was executed, with postage thereon fully prepaid at 2049 Century Park East, Suite 2100, Los Angeles, California, in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 8, 2013, at Los Angeles, California.



_____
Jan Contreras

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

-37-

6329500-v1

# MAILING LIST

| | |
|---|---|
| Richard H. Hikida<br>Scott J. Ferrell<br>Tyler J. Woods<br>Newport Trial Group<br>895 Dove Street, Suite 425<br>Newport Beach, CA 92660 | *Attorneys for Plaintiff* |
| Eric Anvari<br>Law Office of Eric Anvari<br>21112 Ventura Blvd.<br>Woodland Hills, CA 91364-2103<br><br>Shyam Dixit<br>Dixit Law Firm PA<br>3030 North Rocky Point Drive West<br>Suite 260<br>Tampa, FL 33607 | *Attorneys for Infinite Labs LLC* |
| Derek A. Newman<br>Newman Du Wors LLP<br>100 Wilshire blvd., Suite 950<br>Santa Monica, CA 90401 | *Attorneys for Muscle Warfare, Inc.* |
| William E. Thomson, Jr.<br>Brooks Kushman PC<br>601 South Figueroa Street<br>Suite 2080<br>Los Angeles, CA 90017-5726 | *Attorneys for SNI LLC* |

VENABLE LLP<br>2049 CENTURY PARK EAST, SUITE 2100<br>LOS ANGELES, CA 90067<br>310-229-9900

-38-

ANSWER OF DEFENDANT REDEFINE NUTRITION LLC TO
PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

6329500-v1