LINKS: 204

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-09229 GAF (FFMx) | Date | July 22, 2013 |
|---|---|---|---|
| Title | ThermoLife International LLC v. Better Body Sports LLC et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Stephen Montes | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| None | None | |

**Proceedings:**      (In Chambers)

## ORDER RE: DEFENDANTS' MOTIONS FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11

Plaintiff ThermoLife International LLC ("ThermoLife") filed this action against nineteen defendants on October 26, 2012, asserting claims for infringement of its patent titled "D-Aspartic Acid Supplement," United States Patent No. 8,202,908 ("the '908 Patent"). (Docket No. 1 [Complaint ("Compl.")] ¶ 2.) At the May 22, 2013 Scheduling Conference, Defendants brought to the Court's attention prior art—specifically, an Italian patent—that they urge throws into question the validity of the '908 Patent. Concluding that this issue should be determined before judicial resources are expended on a full Markman hearing, the Court issued an order setting forth a briefing schedule on the invalidity question on May 31, 2013. (Docket No. 202 [5/31/13 Order].) Defendants were ordered to file their motion by July 15, 2013, ThermoLife was to file its opposition no later than August 5, 2013, and the Court set August 19, 2013, as the deadline for Defendants' reply. (Id.)

In disregard of this briefing schedule, Defendant Muscle Warfare filed a Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 on June 25, 2013. (Docket No. 204 [Muscle Warfare's Sanction Motion ("MW Mem.")].) The sanctions motion necessarily addresses the question of the '908 Patent's invalidity, and a key argument advanced by Muscle Warfare is that "the '908 Patent is invalid because it relies on prior art—an Italian patent and the inventor's own public statements." (Id. at 1.)[1] However, the sanctions motion necessarily implicates issues beyond the question of patent validity.

---

[1] The remaining Defendants filed a similar motion for sanctions in conjunction with their opening brief on invalidity on July 15, 2013. (Docket No. 214.)

LINKS: 204

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-09229 GAF (FFMx) | Date | July 22, 2013 |
|---|---|---|---|
| Title | ThermoLife International LLC v. Better Body Sports LLC et al | | |

    The Court has already set forth a clear briefing schedule on the question of the '908 Patent's validity. Because the sanctions motions are dependent on the outcome of this motion, the motions are at best premature at this juncture. And at worst—in the case of Defendant Muscle Warfare—the sanctions motion appears to be an attempt to force the Court to expedite ruling on the invalidity question. **The Court therefore ORDERS all motions for sanctions (Docket Nos. 204 and 214) STRICKEN**. If appropriate, the parties may re-file the motions for sanctions following the Court's ruling on the invalidity question.

    **IT IS SO ORDERED.**