Tyler J. Woods (State Bar No. 232464)
 twoods@trialnewport.com
Richard H. Hikida (State Bar No. 196149)
 rhikida@trialnewport.com
Scott J. Ferrell (State Bar No. 202091)
 sferrell@trialnewport.com
**NEWPORT TRIAL GROUP**
A Professional Corporation
4100 Newport Place, Suite 800
Newport Beach, CA  92677
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMOLIFE INTERNATIONAL, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>BETTER BODY SPORTS, LLC et al.<br><br>Defendants<br><br>AND CONSOLIDATED ACTIONS. | Master Case No.:<br>    CV12-09229 GAF (FFMx)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**<br><br>Date: October 14, 2014<br>Time: 9:30 a.m.<br><br>The Honorable Gary A. Feess<br>Roybal Courthouse |

# TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ............................................................................................ - 1 -

II.  STANDARD OF LAW .................................................................................... - 1 -

   A.  The Supreme Court Has Imposed a Holistic, Equitable Approach to Deciding Fee Motions in Patent Cases. ..................................................... - 1 -

   B.  Even Exceptional Cases May Not Warrant an Award of Fees. ................... - 3 -

III. ARGUMENT ................................................................................................... - 3 -

   A.  Plaintiff's Litigating Position Was Not Exceptional Regarding the Governing Law or Relevant Facts. ............................................................. - 4 -

      1.  ThermoLife's Arguments Regarding the Italian Patent Application, Although Unavailing, Were Not Frivolous or Exceptional ........................................................................................ - 4 -

         a)  ThermoLife Reasonably Believed that the Italian Patent Application Was Not a Publication under 35 U.S.C. § 102(b) ......................................................................... - 6 -

         b)  Claim Construction of the '908 Patent Was Not Needed ...................... - 7 -

         c)  ThermoLife Reasonably Argued that the Italian Patent Application did not Anticipate the '908 Patent ..................................... - 8 -

      2.  ThermoLife Reasonably Investigated the Applicable Date of Invention .............................................................................................. - 11 -

         a)  Defendants' Assertions That ThermoLife Made No Effort to Contact the Inventor Is Not Based In Law, Is a Red Herring and Should Be Ignored ................................... - 11 -

         b)  Destruction of the Inventor's Documents Has No Bearing on the Adequacy of ThermoLife's Investigation or the Prosecution of the Case ........................................ - 11 -

         c)  Defendants Cannot Recover Fees Regarding Anticipation Arguments under 35 U.S.C. § 102(a) ............................. - 12 -

   B.  ThermoLife's Litigation Conduct Was Reasonable .................................... - 13 -

   C.  In Light of Defendants' Misconduct, It Would Be Inequitable to Award Defendants Fees ............................................................................... - 15 -

IV.  CONCLUSION ............................................................................................... - 17 -

i

**Table of Authorities**

Page(s)

**Federal Cases**

*Bianco v. Globus Med., Inc.*,
   2:12-CV-00147-WCB, 2014 WL 1904228 (E.D. Tex. May 12, 2014)...........................4, 5

*In re Carlson*,
   983 F.2d 1032 (Fed. Cir. 1992) ...................................................................................7

*Cognex Corp. v. Microscan Sys., Inc.*,
   No. 13–2027, 2014 WL 2989975 (S.D.N.Y. June 30, 2014) ......................................3

*EON Corp. IP Holdings LLC v. Cisco Sys. Inc*,
   12-CV-01011-JST, 2014 WL 3726170 (N.D. Cal. July 25, 2014) ..............................6

*EON Corp.IP Holdings, LLC v. FLO TV Inc.*,
   CV 10-812-RGA, 2014 WL 2196418 (D. Del. May 27, 2014).....................................5

*Gametek LLC v. Zynga, Inc.*,
   CV 13-2546 RS, 2014 WL 4351414 (N.D. Cal. Sept. 2, 2014) ...............................2, 6

*Gevo, Inc. v. Butamax Advanced Biofuels LLC*,
   CV 13-576-SLR, 2014 WL 4247735 (D. Del. Aug. 26, 2014) ...................................5

*H-W Tech., Inc. v. Overstock.com, Inc.*,
   3:12-CV-0636-G BH, 2014 WL 4378750 (N.D. Tex. Sept. 3, 2014) .......................3, 6

*In re Hall*,
   781 F.2d 897 (Fed. Cir. 1986) ...................................................................................7

*Hall v. Bed Bath & Beyond, Inc.*,
   705 F.3d 1357 (Fed. Cir. 2013) .................................................................................8

*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*,
   134 S. Ct. 1744 (2014) ...............................................................................................4

*Icon Health & Fitness, Inc. v. Octane Fitness, LLC*,
   2011-1521, 2014 WL 4194609 (Fed. Cir. Aug. 26, 2014) .........................................3

*iLOR, LLC v. Google, Inc.*,
   631 F.3d 1372 (Fed. Cir. 2011) .................................................................................8

*Intellect Wireless, Inc. v. Sharp Corp.*,
   No. 10–6763, 2014 WL 2443871 (N.D. Ill. May 30, 2014).....................................3, 14

*Linex Technologies, Inc. v. Hewlett-Packard Co.*,
   C 13-159 CW, 2014 WL 4616847 (N.D. Cal. Sept. 15, 2014) ...............................10

*Micron Tech., Inc. v. Rambus Inc.*,
   645 F.3d 1311 (Fed. Cir. 2011) ..................................................................12

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008) ....................................................................8

*Octane Fitness v. Icon Health & Fitness*,
   134 S. Ct. 1749 (2014) ....................................................................1, 2, 3, 4, 5

*Orenshteyn v. Citrix Sys., Inc.*,
   341 F. App'x 621 (Fed. Cir. 2009) .........................................................11, 14

*Precision Links Inc. v. USA Products Group, Inc.*
   No. 08–576, 2014 WL 2861759 (W.D.N.C. June 24, 2014).........................3

*Raylon, LLC v. Complus Data Innovations, Inc.*,
   700 F.3d 1361 (Fed. Cir. 2012) *cert. denied,* 134 S. Ct. 94, 187 L. Ed. 2d 33 (U.S.
   2013)...............................................................................................................9

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*,
   781 F.2d 198 (Fed. Cir. 1986) ..................................................................3, 15

*SD3, LLC v. Dudas*,
   No. CIV. 08-1242 RCL, 2013 WL 3368873 (D.D.C. July 8, 2013) ..............6

*Taurus IP, LLC v. DaimlerChrysler Corp.*,
   726 F.3d 1306 (Fed. Cir. 2013) ..................................................................10

*Yufa v. TSI Inc.*,
   09-CV-01315-KAW, 2014 WL 4071902 (N.D. Cal. Aug. 14, 2014)............17

**Federal Statutes**

35 U.S.C.
   § 102 (2006) ...............................................................................................6, 8
   § 102(a).......................................................................................................12, 13
   § 102(b) ....................................................................................................6, 7, 13
   § 285 ..................................................................................1, 2, 9, 13, 15, 16

Leahy–Smith America Invents Act, Pub.L. 112–29
   § 3, 125 Stat 284 (Sept. 16, 2011) ...............................................................6

**California Statutes**

Patent Act .............................................................................................................2

**Other Authorities**

Federal Rule of Civil Procedure 8 ........................................................................7

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES
PURSUANT TO 35 U.S.C. § 285**

Federal Rule of Civil Procedure 11 ........................................................8, 9, 11, 15

U.S. Patent No. 8,202,908 ..........................................1, 7, 8, 9, 12, 13, 14, 15, 16

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

# I.    INTRODUCTION

Defendants' Renewed Motion for Attorneys' Fees Pursuant to 35 U.S.C. § 285 ("Motion") should be denied.  This Court already found last year that this case is not exceptional, in full consideration of the facts and allegations described in Defendants' Motion.  *See* Dkt. No. 246 at 15-16.  The facts of this case have not changed, and even under the holistic, equitable standard outlined under *Octane Fitness v. Icon Health & Fitness*, 134 S. Ct. 1749 (2014), there is nothing exceptional about this case warranting an award of attorneys' fees.

There was nothing frivolous or exceptional about ThermoLife International, LLC's ("ThermoLife") claims against Defendants.  ThermoLife brought patent claims legitimately grounded in fact and law against Defendants based on a presumed valid patent, U.S. Patent No. 8,202,908 ("'908 Patent").  Despite Defendants' attempt to twist the facts, ThermoLife has acted in good faith in continuing to pursue its claims throughout this litigation.  ThermoLife conducted an investigation into the validity of the '908 Patent and based on its research, the knowledge of its experts and Defendants' own evidence, ThermoLife had a good faith basis for pursuing its claims in spite of Defendants' asserted prior art.  Defendants have not met its burden of establishing that this case was exceptional and should be denied any award of fees.

For these reasons, this Motion should be denied.

# II.    STANDARD OF LAW

## A.    The Supreme Court Has Imposed a Holistic, Equitable Approach to Deciding Fee Motions in Patent Cases.

"The Court in *exceptional cases* may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285 (emphasis added).  A district court's discretionary power to award attorney's fees in patent litigation "is reserved for 'exceptional' cases." *Octane Fitness*, 134 S. Ct. at 1756.  Based upon the ordinary, contemporary, and common meaning of the term "exceptional" codified in the discretionary fee-shifting

provision in the Patent Act,[1] the Supreme Court recently held that an "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Supreme Court also held that "[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations' [the Supreme Court] has identified'", and identified a non-exclusive list of factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 1756 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)).

The Supreme Court explained that "a district court may award fees in the *rare* case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness*, 134 S. Ct. at 1756-57 (emphasis added). The Supreme Court held that "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* Finally, the Supreme Court rejected the Federal Circuit's "clear and convincing evidence" standard, and held that a preponderance of the evidence standard applied. *Id.* at 1758.

"Although *Octane* eased the standard for fee shifting, and clearly reduced the prevailing party's burden from clear and convincing to a preponderance of the evidence, post-*Octane* decisions awarding fees have concerned egregious behavior." *Gametek LLC v. Zynga, Inc.*, CV 13-2546 RS, 2014 WL 4351414, *3 (N.D. Cal. Sept. 2, 2014);

---

[1]    The Supreme Court noted, "In 1952, when Congress used the word in § 285 (and today, for that matter), '[e]xceptional' meant 'uncommon,' 'rare,' or 'not ordinary.'" *Octane Fitness*, 134 S. Ct. at 1756 (citations omitted).

*see*, *e.g.*, *Intellect Wireless, Inc. v. Sharp Corp.*, No. 10–6763, 2014 WL 2443871, at *6 (N.D. Ill. May 30, 2014) (awarding fees based on false declarations before the PTO, without which, the court concluded, the plaintiff would not have obtained the patents at issue); *Cognex Corp. v. Microscan Sys., Inc.*, No. 13–2027, 2014 WL 2989975, at *4 (S.D.N.Y. June 30, 2014) (criticizing plaintiff for post-trial motions that simply sought to re-litigate issues decided during trial and awarding fees at least as to those motions); *Precision Links Inc. v. USA Products Group, Inc.* No. 08–576, 2014 WL 2861759, at *3 (W.D.N.C. June 24, 2014) (criticizing plaintiff for seeking a preliminary injunction based in large part on a previously-rejected theory of liability and filing frivolous post-dismissal motions).

## B.   <u>Even Exceptional Cases May Not Warrant an Award of Fees.</u>

"Courts deciding whether to award fees in patent cases engage in a two-step analysis." *H-W Tech., Inc. v. Overstock.com, Inc.*, 3:12-CV-0636-G BH, 2014 WL 4378750, *3 (N.D. Tex. Sept. 3, 2014) (citing *Motorola, Inc. v. Interdigital Tech. Corp.*, 121 F.3d 1461, 1467–68 (Fed. Cir. 1997); *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1370 (Fed. Cir. 2004)). "They first determine whether the case is 'exceptional'; if so, then they determine whether an award of attorneys' fees is appropriate." *Id.*

"The Supreme Court's decision in *Octane* did not . . . revoke the discretion of a district court to deny fee awards even in exceptional cases." *Icon Health & Fitness, Inc. v. Octane Fitness, LLC*, 2011-1521, 2014 WL 4194609, *3 (Fed. Cir. Aug. 26, 2014). "Even an exceptional case does not require in all circumstances the award of attorney fees." *S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986). The Court should consider "the closeness of the case, the tactics of counsel, the conduct of the parties, and any other factors that may contribute to a fair allocation of the burdens of litigation as between winner and loser." *Id.*

## III.   <u>ARGUMENT</u>

Defendants have not established that this case is that rare case that "stands out from the others" based on either: (1) "the substantive strength of [ThermoLife]'s

litigating position (considering both the governing law and the facts of the case)" or (2) "the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S. Ct. at 1756. In the two recent Supreme Court decisions, the facts were far more egregious. *See id.* at 1755 (noting evidence that the patentee improperly "brought the infringement action 'as a matter of commercial strategy'"); *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1747-48 (2014) (noting that the district court had found that the patentee's conduct was objectively unreasonable in light of evidence that the patentee "maintained infringement claims [against Highmark] well after such claims had been shown by its own experts to be without merit" and had "asserted defenses it and its attorneys knew to be frivolous."). No such unreasonable and exceptional conduct exists in this case.

### A.  **Plaintiff's Litigating Position Was Not Exceptional Regarding the Governing Law or Relevant Facts.**

#### 1.  **ThermoLife's Arguments Regarding the Italian Patent Application, Although Unavailing, Were Not Frivolous or Exceptional**

The fact that the Court ultimately ruled against ThermoLife does not demonstrate that ThermoLife's "claim was frivolous or otherwise exceptionally meritless" under the post-*Octane Fitness* standard. *Bianco v. Globus Med., Inc.*, 2:12-CV-00147-WCB, 2014 WL 1904228, *2 (E.D. Tex. May 12, 2014) (citing *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1378 (Fed. Cir. 2011) ("Though iLOR was ultimately unsuccessful in its patent infringement suit, Google has not met its high burden to show ... that this suit was brought frivolously or that iLOR's position on claim construction was objectively baseless."); *IP Innovation L.L.C. v. Red Hat, Inc.,* No. 2:07–cv–447 (E.D. Tex. Oct. 13, 2010), ECF No. 273, at 2. (Rader, J.) ("An award of attorneys' fees ... must be predicated upon something beyond the fact that a party has prevailed.")).

"Although the Court [] concluded that ThermoLife's arguments regarding the accessibility and contents of the Italian Patent Application are ultimately unavailing, they do not rise to the level of frivolous." Dkt. No. 246 at 15. The Court recognized

that "ThermoLife 'provided expert testimony rebutting Defendants' . . . claim that the Italian Application was published, disseminated or made accessible to the public prior to March 28, 2007.'" *Id.* at 16.  Further, the district court "found ThermoLife's arguments of sufficient substance that it requested additional information about the Italian Patent Application to assist it in properly disposing of [Defendants' MSJ]." *Id.* Where a party "did not ultimately prevail on summary judgment, [but] the court's opinion was delivered after hearing oral argument on the issues and was based on the parties' briefing and the expert reports," a party's claims are not "exceptionally meritless." *Gevo, Inc. v. Butamax Advanced Biofuels LLC*, CV 13-576-SLR, 2014 WL 4247735, *2 (D. Del. Aug. 26, 2014); *see also EON Corp.IP Holdings, LLC v. FLO TV Inc.*, CV 10-812-RGA, 2014 WL 2196418, *2 (D. Del. May 27, 2014) (finding a case not exceptional where the "decision was not an easy one," and "[t]he Court heard oral argument, scheduled a supplemental evidentiary hearing, and ordered post-trial briefing on the issue.").  These are the exact circumstances here—the Court did hear oral argument on the issues and its findings were based on the parties' briefing and expert reports, and the Court even sought supplemental briefing on the issues.  As such, fees are simply not warranted.

Furthermore, the fact that the Court already ruled that ThermoLife's arguments were not frivolous and made no finding that ThermoLife acted in bad faith weighs heavily against finding this case to be exceptional.  *See* Dkt. No. 246 at 15-16.  As explained in *Bianco*, 2014 WL 1904228, *2, in discussing the new standard under *Octane Fitness*, "[t]he Supreme Court noted that either subjective bad faith or an 'exceptionally meritless' claim could warrant a fee award."  The court held that a "finding that neither part of the prior test was satisfied thus largely answers the question whether [a] case is exceptional under the Supreme Court's new test." *Id.*

Many post-*Octane Fitness* cases explain that simply losing on an argument does not make that argument exceptional and that frivolousness is still a central consideration for finding a case exceptional.  One court noted that though "Plaintiff may have asserted

a losing argument, [] this does not amount to the type of extraordinary misconduct reserved for finding a case exceptional." *H-W Tech., Inc. v. Overstock.com, Inc.*, 3:12-CV-0636-G BH, 2014 WL 4378750, *4 (N.D. Tex. Sept. 3, 2014) (citing *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.,* 650 F.3d 1305, 1315 (Fed. Cir. 2010) ("Defeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless; all of the circumstances must be considered"); *Digeo, Inc. v. Audible, Inc.,* 505 F.3d 1362, 1369 (Fed. Cir. 2007) ("Merely negligent conduct does not suffice to establish that a case is exceptional")). Even where an "argument is, in the Court's view, quite stretched, such that few patentees would pursue it," a court may not find the case to be exceptional if "the Court cannot quite conclude that *no* reasonable patentee could [make the argument]." *EON Corp. IP Holdings LLC v. Cisco Sys. Inc*, 12-CV-01011-JST, 2014 WL 3726170, *5 (N.D. Cal. July 25, 2014) (observing that even though the plaintiff's conduct was difficult to explain—e.g., significant delays with little purpose, one of its own arguments "vitiated ... one of its primary infringement theories[,]" and some of its infringement argument was "quite stretched[,]"—but ruled that it was not an exceptional case); *see also Gametek LLC v. Zynga, Inc.*, CV 13-2546 RS, 2014 WL 4351414, *3 (N.D. Cal. Sept. 2, 2014) (finding a case is not exceptional because "[i]t did not . . . descend to the level of frivolous argument or objective unreasonableness."). Here, ThermoLife's arguments were not frivolous and fees should not be awarded.

    **a)**  **ThermoLife Reasonably Believed that the Italian Patent Application Was Not a Publication under 35 U.S.C. § 102(b)**

   35 U.S.C. § 102(b) ("Section 102(b)") bars patenting an invention described in a printed publication more than one year prior to the filing date of a U.S. patent. 35 U.S.C. § 102 (2006)[2] ("A person shall be entitled to a patent unless– . . . (b) the

---

[2] "Section 102 was amended by the Leahy–Smith America Invents Act, Pub.L. 112–29, Sec. 3, 125 Stat 284 (Sept. 16, 2011)." *SD3, LLC v. Dudas*, No. CIV. 08-1242 RCL, 2013 WL 3368873, *10 n.4 (D.D.C. July 8, 2013). "But, the old version still applies to

Continued on the next page

1    invention was patented or described in a printed publication in this or a foreign country .

2    . . more than one year prior to the date of the application for patent in the United

3    States.").   Throughout this litigation, there was a substantial dispute on whether the

4    Italian Patent Application was truly a "printed publication" under Section 102(b).

5            First, Defendants never cited to a single case finding that an Italian patent

6    application is *per se* a publication under Section 102(b).   Second, the level of

7    accessibility of the prior art in the cases cited by Defendants were distinguishable from

8    accessing a provisional patent application in the Italian patent system.   Unlike the cases

9    cited by Defendants, *In re Carlson*, 983 F.2d 1032, 1034 (Fed. Cir. 1992) and *In re*

10   *Hall*, 781 F.2d 897, 898 (Fed. Cir. 1986) (Dkt. No. 204-1 at 14), access to the Italian

11   Patent Application was questionable as it was not on display for public view or openly

12   available to the public in a library.   "The proponent of the publication bar must show

13   that prior to the critical date the reference was sufficiently accessible, at least to the

14   public interested in the art, so that such a one by examining the reference could make

15   the claimed invention without further research or experimentation."   *Hall*, 781 F.2d at

16   899.   Based on the understanding of ThermoLife's expert in this case, it was believed

17   that in the relevant time period, a person of ordinary skill in the art could not have

18   accessed the actual Italian Patent Application in order to use the method disclosed in the

19   application.   *See* Dkt. No. 226-4 at 4-15.   As explained above, even though

20   ThermoLife's expert report and legal arguments were ultimately unavailing, these

21   arguments were not exceptional.

22                    **b)     Claim Construction of the '908 Patent Was Not Needed**

23           Defendants assert that claim construction was "a necessary step to determine

24   infringement."   Motion at 13.   However, "Federal Circuit precedent, the Court's rulings

25   in *Twombly* and *Iqbal*, and Federal Rule 8, make clear that neither claim construction

26

27   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     Continued from the previous page
     this case, since the patent application was filed well before the amendment's effective
28   date."

nor prior art is required to be included in the pleadings." *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013) (affirming denial of Rule 11 motion).  This argument is especially irrelevant since Defendants conceded that claim construction was not needed during its summary judgment briefing.  See Dkt. No. 212 at 32 ("Defendants contend that no terms in the claims of the '908 patent need to be construed.").  Further, even if claim construction was needed, "simply being wrong about claim construction should not subject a party to sanctions where the construction is not objectively baseless." *iLOR*, 631 F.3d at 1380.

### c)   ThermoLife Reasonably Argued that the Italian Patent Application did not Anticipate the '908 Patent

ThermoLife argued that the unpublished study described in the Italian Patent Application did not anticipate Claim 1 of the '908 Patent for several reasons, not solely based on the claim construction arguments denoted in Defendants' Motion.  *See* Motion at 13-15.  "[U]nless a reference discloses within the four corners of the document not only all of the limitations claimed but also all of the limitations arranged or combined in the same way as recited in the claim, it cannot be said to prove prior invention of the thing claimed and, thus, cannot anticipate under 35 U.S.C. § 102." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1371 (Fed. Cir. 2008).  The core subject matter of the Italian Patent Application was an invention to "stimulate procreative activity in men by increasing the sperm count and sperm vitality."  Dkt. No. 204-3 at 80.  This was distinct from the method disclosed in the '908 Patent of "increasing the levels of testosterone, growth hormone, and/or insulin-like growth factor 1 in an adult male human."  Declaration of Tyler J. Woods ("Woods Decl."), ¶ 4, Ex. C at 6:18-20.  In addition, the Italian Patent Application dealt only with diseased oligoasthenozoospermic patients and ThermoLife contended that those results do not anticipate the benefits of D-aspartic acid, D-Aspartate salts, and D-aspartate esters to the general healthy adult population.  Dkt. No. 204-3 at 80.  These distinctions, as well as the issue of whether the Italian

1   Patent Application was a publication, supported ThermoLife's arguments that the

2   Italian Patent Application did not invalidate the '908 Patent.

3       In fact, ThermoLife's belief that the Italian Patent Application did not constitute

4   invalidating prior art was endorsed by the author of the Italian Patent Application

5   himself.  As noted in Antimo D'Aniello's September 11, 2013 email to Jeffrey Arnold

6   (counsel for several of the Defendants) "I think that the proof collected are [sic] not

7   sufficient to invalidate the Arnold Patent."  Dkt. No. 244-5 at 1.  Dr. D'Aniello went on

8   to explain to Mr. Arnold on September 11, 2013 that "[t]he only official document that

9   has been published which concern D-aspartate and testosterone, is that of Topo et al., of

10  October 27, 2009."  *Id.*  As Dr. D'Aniello admitted, "[t]his, however, is after the date of

11  submission of the ['908 Patent]."  *Id.*

12      The cases cited by Defendants are inapplicable.  Even in *Raylon*, where the

13  Federal Circuit held that the plaintiff's claim construction arguments were frivolous, the

14  Federal Circuit did not perform an analysis under 35 U.S.C. § 285 and instead

15  remanded the case to the district court to evaluate whether the case was exceptional.

16  *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1370 (Fed. Cir. 2012)

17  *cert. denied,* 134 S. Ct. 94, 187 L. Ed. 2d 33 (U.S. 2013) ("We remand to the district

18  court to reconsider, in light of our decision, whether these cases are exceptional under §

19  285.").  This demonstrates that even cases involving Rule 11 violations may not be

20  deemed exceptional.  Further, "Raylon's claim construction . . . [wa]s contrary to all the

21  intrinsic evidence and d[id] not conform to the standard canons of claim construction."

22  *Id.* at 1369.  The Federal Circuit held that in that case, it was "a clear instance where no

23  objectively reasonable litigant, relying on the single sentence in the specification to

24  support its position, would believe its claim construction could succeed[.]"  *Id.*  More

25  importantly, the Court held that "[t]he district court's failure to consider these

26  arguments was an abuse of discretion."  *Id.*  This case is clearly distinguishable since

27  the Court did consider Defendants' claim construction arguments and even ruled in

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES
PURSUANT TO 35 U.S.C. § 285

Defendants' favor, but found that ThermoLife's arguments were not frivolous. *See* Dkt. 246 at 15-16.

In the other case cited by Defendants, the Federal Circuit affirmed a district court's finding that the litigants' claim construction was objectively baseless, a finding that does not exist here. *See Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013). Further, the court based its ruling in part due to the patentee's subjective bad faith demonstrated by its continued litigation of its claims after the court already construed the subject term against the patentee. *See id.* at 1328 ("a party cannot assert baseless infringement claims and must continually assess the soundness of pending infringement claims, especially after an adverse claim construction"). Here, the disputed constructions resulted in an adverse finding against ThermoLife and ThermoLife has not continued to pursue its claims against Defendants. Thus, the exceptional circumstances in *Taurus* do not exist in this case.

Should the Court find that this is an exceptional case despite the fact that Defendants' entire argument is based on only one of many of ThermoLife's asserted bases for disputing the invalidating effect of the Italian Patent Application, the Court should limit any fees to those spent addressing the claim construction arguments of which Defendants complain. In *Linex Technologies, Inc. v. Hewlett-Packard Co.*, C 13-159 CW, 2014 WL 4616847, *5 (N.D. Cal. Sept. 15, 2014), the court held that the party's claim construction of the term "spread spectrum" was exceptional, but "only the fees fairly attributable to the spread spectrum claims can be recovered[.]" Accordingly, the court directed that each Defendant "compile an accounting of fees limited to work on these claims, in sufficient detail to satisfy the Ninth Circuit's standard for fee awards." *Id.* (citing *Welch v. Metro Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007)). The court explained that under the Ninth Circuit's standards, the party seeking fees must provide "detailed descriptions of the billed time and tasks that can properly be attributed to the spread spectrum claims" and must "justify the rates at which the attorneys billed." *Id.* In this case, Defendants should be required to detail the time spent

- 10 -

on briefing the specific issues that the Court finds are exceptional and justify the rates at
which the attorneys billed as well as the amount of time spent on these issues.

### 2. ThermoLife Reasonably Investigated the Applicable Date of Invention

Defendants contend that ThermoLife's publication and conception arguments
were baseless based on three allegations: (1) ThermoLife did not consult the inventor
prior to filing claims against Defendants; (2) the inventor's documents were destroyed
and (3) the inventor's date of conception evidence was pre-dated by the Italian Patent
Application. ThermoLife will address the deficiency of these allegations in turn.

### a) Defendants' Assertions That ThermoLife Made No Effort to Contact the Inventor Is Not Based In Law, Is a Red Herring and Should Be Ignored

Defendants make several irrelevant assertions regarding ThermoLife's
interactions with the inventor to support its claim that this case is exceptional. *See*
Motion at 12, 15. First, Defendants cite to no case law to support their claim that not
immediately contacting the inventor of a patent prior to filing suit is a violation of Rule
11 warranting sanctions. *Id*. This is unsurprising as the Federal Circuit has already
held that there is "no authority that requires attorneys to consult with patentees *during
the pre-filing investigation*[.]" *Orenshteyn v. Citrix Sys., Inc.*, 341 F. App'x 621, 627
(Fed. Cir. 2009). The court went further to state that "there is some advantage in
attorneys making their own independent evaluation of a patent infringement issue free
from any inherent bias of the inventors." *Id.* Thus, any perceived failure to contact the
inventor prior to filing suit cannot serve as a basis for fees as it is not exceptional.

### b) Destruction of the Inventor's Documents Has No Bearing on the Adequacy of ThermoLife's Investigation or the Prosecution of the Case

Defendants allege without any legal basis that the destruction of an inventor's test
records and research materials due to the fact that his company became defunct long

- 11 -

before this litigation commenced is evidence of ThermoLife's failure to investigate the validity of the patent-in-suit.  *See* Motion at 12, 15.  First, ThermoLife was in no way involved with the loss of the documents at issue.  Second, the circumstances concerning the inventor's documents prior to a patent owner obtaining a patent does not restrict a patent owner from enforcing its patent rights, and Defendants can point to no case law supporting a claim that the past destruction of an inventor's documents is exceptional conduct.  Third, when assessing bad faith, "[t]he important inquiry is . . . whether the totality of the circumstances as of the date of document destruction made litigation reasonably foreseeable."  *Micron Tech., Inc. v. Rambus Inc.*, 645 F.3d 1311, 1325 (Fed. Cir. 2011).  Here, the documents at issue were destroyed long before this litigation commenced and due to the inventor's company becoming defunct.  Under these circumstances, ThermoLife and indeed the inventor were not engaging in "advantage-seeking behavior."  *Id.* at 1326.

### c) Defendants Cannot Recover Fees Regarding Anticipation Arguments under 35 U.S.C. § 102(a)

Defendants incorrectly contend that ThermoLife's arguments concerning the date of conception of the '908 Patent, an issue not ruled on by the Court, is a basis for its fees request.  Here, ThermoLife had a good faith basis for arguing that the conception of the '908 Patent by the inventor pre-dated the Italian Patent Application, which the Court ruled was published on March 15, 2007.  Dkt. No. 246 at 13-14.  The inventor, Patrick Arnold, testified that he first began working on the D-aspartic acid project in 2000, and only finished working on it in 2008:

> Q.    So would it be accurate to say that from the time you first conceived it in 2000 and the time you applied for your provisional patent application on March 28, 2008, there were gaps of six months and a year from when you would just not work on the project.  Do I have that correct?
>
> A.  Yes.

1   Declaration of Tyler J. Woods, ¶ 3, Ex. B at 79:5-12.  Thus, it was the inventor's

2   testimony that the date of conception pre-dated the March 15, 2007 publication of the

3   Italian Patent Application.

4        The e-mail dated January 2, 2008 submitted by ThermoLife was provided to

5   prove that "Patrick Arnold, the inventor of the '908 Patent, conceived of his idea prior to

6   the publication of the February 2008 Article" presented by Defendants as prior art.  Dkt.

7   No. 246 at 5.  The e-mail proved that *at least* by January 2, 2008, the inventor had

8   conceived of the invention, but does not contradict his prior testimony that he conceived

9   of the invention earlier.  *See* Dkt. No. 209-6 at 79:5-12.  Accordingly, this e-mail does

10  not support any finding that ThermoLife's arguments were exceptional.   More

11  importantly, the Court made no rulings regarding this e-mail or the conception date of

12  the '908 Patent.

13       Nonetheless, even if Defendants could argue that ThermoLife's arguments were

14  exceptional, they could not recover fees on this issue.  Under 35 U.S.C. § 285, a "court

15  in exceptional cases may award reasonable attorney[s'] fees to the ***prevailing*** party."

16  (emphasis added).  Here, the only issue where Defendants are the prevailing party was

17  the Court's invalidation of the '908 Patent based on the Italian Patent Application's

18  publication status under 350 U.S.C. § 102(b), not § 102(a).  *See* Dkt. 246 at 13 ("[T]he

19  Italian Patent Application qualifies as prior art under 35 U.S.C. § 102(b) because the

20  Italian Patent Application predates the provisional application for the '908 Patent by

21  more than a year.").  As the Court noted, "one cannot recover attorney's fees as a

22  prevailing part[y] on an issue never addressed by the Court."   Dkt. 267 at 3.

23  Accordingly, Defendants cannot recover fees based on this issue.

24       **B.**    **ThermoLife's Litigation Conduct Was Reasonable**

25       Defendants' assert, without any legal basis, that ThermoLife's litigation conduct

26  was unreasonable, citing to irrelevant facts and providing no legal authority for its

27  claims.  *See* Motion at 17-18.

28

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES
PURSUANT TO 35 U.S.C. § 285**

First, Defendants repeat their argument that ThermoLife's failure to contact the inventor, Mr. Arnold, prior to commencing litigation somehow makes this case exceptional.  *See* Motion at 27.  As explained previously, a patentee is not required to consult with the inventor prior to commencing suit.  *See Orenshteyn*, 341 F. App'x at 627.  Defendants also contend that ThermoLife's lack of consultation with the inventor until after he was deposed was exceptional, yet Defendants can point to no case law where a patentee is punished for not consulting with an inventor in the circumstances in this case.  *See* Motion at 27.  Even if ThermoLife did not consult the inventor on the time schedule demanded by Defendants, ThermoLife did consult with Mr. Arnold concerning his date of conception and provided evidence from him in support of its claims.  *See, e.g.*, Dkt. No. 236.

Second, Defendants also provide no basis for claiming that ThermoLife should have provided Mr. Arnold a copy of the Italian Patent Application, Defendants' counterclaims or their counsels' letters.  *See* Motion at 27.  ThermoLife retained experts and addressed Defendants' arguments concerning the Italian Patent Application through its correspondence with Defendants' counsel and through its experts' testimony.  There was nothing exceptional in not relying upon an inventor on the legal issue of whether the Italian Patent Application was a publication or whether it anticipated the '908 Patent.

Third, Defendants contend that Mr. Arnold's lack of disclosure of tests in his patent application and destruction of his company's records allegedly warrant fees against ThermoLife.  *See* Motion at 27.  As stated above, such facts do not warrant an exceptional case finding as Defendants did not prevail in these arguments and they do not support a finding of an exceptional case.  *See* Dkt. No. 246 at 9 (the Court noted the destroyed documents, but made no finding of bad faith or exceptional conduct).  Further, where "the patent holder-plaintiff did not participate in the inequitable conduct" such conduct should not warrant an award of fees.  *Intellect Wireless, Inc. v. Sharp Corp.*, 10 C 6763, 2014 WL 2443871, *9 (N.D. Ill. May 30, 2014) (citing

1  *McKesson Info. Solutions Inc. v. Bridge Med., Inc.*, CIV. S-02-2669FCDKJM, 2006

2  WL 2583025, *7 (E.D. Cal. Sept. 6, 2006) (noting that the court should consider "the

3  level of culpability in deciding whether justice would be served by an award of fees")).

4  **C.    In Light of Defendants' Misconduct, It Would Be Inequitable to**

5  **Award Defendants Fees**

6  Defendants' distorted representation of the procedural history of this case

7  conveniently glosses over their own misconduct throughout this litigation, which

8  weighs against awarding fees even if the Court finds this case to be exceptional. *See*

9  Motion at 2-12. "Even an exceptional case does not require in all circumstances the

10  award of attorney fees." *S.C. Johnson & Son, Inc.*, 781 F.2d at 201. In determining

11  whether to award fees, the Court should consider "the closeness of the case, the tactics

12  of counsel, the conduct of the parties, and any other factors that may contribute to a fair

13  allocation of the burdens of litigation as between winner and loser." *Id.*

14  On June 25, 2013, Defendant Muscle Warfare brought a premature Motion for

15  Sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") against

16  ThermoLife seeking attorneys' fees under Rule 11 and 35 U.S.C. § 285, based almost

17  entirely on its arguments that the '908 Patent was invalid, in direct violation of the

18  district court's clear briefing schedule on the question of the '908 Patent's validity. *See*

19  Dkt. No. 204. On July 15, 2013, a separate set of Defendants brought their own Rule

20  11 Motion, based on similar grounds. *See* Dkt. No. 214. Both Motions were based on

21  many of the same arguments set forth in this renewed motion, claiming that ThermoLife

22  failed to perform a reasonable pre-filing inquiry and failed to investigate the validity of

23  the '908 Patent. *See* Dkt. Nos. 204, 214. The Court properly ordered both of these

24  Motions for Sanctions stricken, finding that at best, these Motions were premature, and

25  at worst, these Motions were an attempt by Defendants to force the Court to expedite

26  ruling on the invalidity question. *See* Dkt. No. 220 at 2.

27  On July 15, 2013, Defendants filed a Motion for Summary Judgment of

28  Invalidity of the '908 Patent and for Attorneys' Fees ("MSJ"). *See* Dkt. No. 212.

Defendants claimed that they were entitled to attorneys' fees pursuant to 35 U.S.C. § 285, asserting that this case should be treated as an exceptional case. *See id.* at 22-24. To support its request that the case be deemed exceptional, Defendants' counsel blatantly misrepresented to the district court that ThermoLife "refused to identify a good faith basis [for proceeding with the suit], and instead demanded money." *Id*. at 17. In fact, it was one of Defendants' counsel that insisted on a monetary counteroffer even after ThermoLife identified its good-faith basis for proceeding. *See* Woods Decl., ¶ 2, Ex. A at 2 ("Will your client make a counteroffer? If not, what is its end goal against Muscle Warfare?")). Even more egregious, Defendants attempted to mislead the district court with falsified evidence of the availability of the Italian Patent Application, mixing in ***present day*** webpages with ***archived*** webpages to make it seem as though the search results for the Italian Patent Application and the record for the Application were available in 2008. *See* Dkt. No. 226 at 5-6.

On August 22, 2013, the Court requested additional materials from both parties. *See* Dkt. No. 233. The district court requested that Defendants produce "[a] copy of the unpublished study, referenced on page 258 of the translation of the Italian Patent Application . . . in which researchers 'observed that ingestion of D-aspartic acid (2–4 gram daily dose) for a determined number of days induces a statistically [significant] increase in blood testosterone concentration . . . .'" *Id.* In response, Defendants filed a different study and violated their ethical duty of candor by falsely claiming it was the study requested by the district court. *See* Dkt. No. 238 at 2. ThermoLife promptly brought the Defendants' misrepresentation to the district court's attention and the district court ordered Defendants to respond to the objection. *See* Dkt. Nos. 240, 242, 243. Rather than explain why they lied and intentionally misled the Court by submitting the wrong study, Defendants responded by arguing that the study requested by the Court was irrelevant to the validity of the '908 Patent. *See* Dkt. No. 244.

Further, Defendant Muscle Warfare brought a Motion for Exceptional Case Fees on October 30, 2013, this time on the basis of non-infringement, an issue the district

court never addressed in its final judgment.  *See* Dkt. No. 257.   The Court properly denied Muscle Warfare's Motion, stating that it did not make an infringement determination and "determining that no infringement occurred would require the Court to revisit the merits of the case after having already entered a final judgment." Dkt. No. 267 at 1-2.   The Court recognized that it "never addressed whether ThermoLife's infringement arguments were baseless or brought in bad faith because the Court resolved the case on an affirmative defense – invalidity." *Id.* at 3.  Thus, the Court held that "one cannot recover attorney's fees as a prevailing part[y] on an issue never addressed by the Court." *Id.*  The Court further concluded that "since final judgment has already been entered in this case, such a review of unsettled and unnecessary facts may well be outside the Court's Article III power." *Id.*

This history of Defendants' attempts to circumvent the Court, frivolous legal arguments, and blatant misrepresentations to the Court weigh against awarding fees. Nonetheless, should the Court find this case exceptional and grant fees to Defendants, the Court should limit such fees to those incurred and not grant Defendants their fees wholesale.  *See, e.g.*, *Yufa v. TSI Inc.*, 09-CV-01315-KAW, 2014 WL 4071902, *5 (N.D. Cal. Aug. 14, 2014) (limiting fee recovery to after patent tutorial was conducted).

## IV.   <u>CONCLUSION</u>

Based upon the foregoing, ThermoLife respectfully requests that the Court deny Defendants' Motion.

Respectfully submitted,

NEWPORT TRIAL GROUP, APC

Dated:  September 29, 2014

By:   */s/ Tyler J. Woods*
      Tyler J. Woods
      Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR ATTORNEYS' FEES
PURSUANT TO 35 U.S.C. § 285

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on September 29, 2014, I electronically filed the foregoing

3  **PLAINTIFF'S OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR**

4  **ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285** with the Clerk of the Court

5  using the CM/ECF system which will send notification of such filing via electronic mail

6  to all counsel of record.

7

8         _/s/Tyler J Woods_____

9          Tyler J Woods

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28